# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LILLIAN FIGUEROA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>BNSF RAILWAY COMPANY, a foreign corporation<br><br>Defendant. | NO. 4:17-CV-5096-TOR<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS |

BEFORE THE COURT is Defendant's Motion to Dismiss (ECF No. 6). This matter was submitted for consideration with oral argument on September 27, 2017. The Court has reviewed the record and files herein, and is fully informed. For the reasons discussed below, Defendants' Motion to Dismiss (ECF No. 6) is **DENIED**.

## BACKGROUND

This case concerns a claim under the Federal Employers' Liability Act, 45 U.S.C. § 51, by Plaintiff Lillian Figueroa against Defendant BNSF Railway

ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 1

Company, a foreign corporation incorporated in Delaware. ECF No. 1 at ¶¶ 1–2. On August 7, 2017, Defendant filed this Motion to Dismiss under 12(b)(6), arguing that Plaintiff's claim is time barred by the applicable three-year statute of limitations (45 U.S.C. § 56) and that equitable tolling is not appropriate due to Plaintiff's alleged forum shopping. ECF No. 6 at 1–2. For the reasons discussed below, the Court denies Defendant's motion.

## FACTS[1]

On May 29, 2012, Plaintiff was injured while performing work at Defendant's Pasco Diesel Facility in Washington. ECF Nos. 1 at ¶ 3; 6 at 3. On May 22, 2015, Plaintiff filed suit in the Circuit Court of the State of Oregon. ECF Nos. 1 at ¶ 9; 8-2 at 2. Defendant filed a motion to dismiss for lack of personal jurisdiction, which was denied. ECF Nos. 1 at ¶ 14; 8-4 at 2; 8-6 at 2. On February 26, 2016, Defendant filed a Writ of Mandamus with the Oregon Supreme Court. The Court allowed the petition and heard oral argument on November 10, 2016. ECF No. 1 at ¶¶ 16–17. On March 23, 2017, the Oregon Supreme Court issued a Peremptory Writ of Mandamus and Appellate Judgment, instructing the

---

[1] Defendant asserts that its Motion to Dismiss tests the sufficiency of Plaintiff's allegations, and so it states facts alleged by Plaintiff without admitting those facts. ECF No. 6 at 3.

Circuit Court judge to vacate his prior order denying the motion to dismiss and conduct further proceedings consistent with the decision of the Oregon Supreme Court. *Id.* at ¶ 19. On July 7, 2017, the Circuit Court judge signed an Order and a Judgment document involuntarily dismissing the matter for lack of personal jurisdiction, which was entered on July 11, 2017. *Id.* at ¶¶ 23–24. On July 12, 2017, Plaintiff filed a Complaint in this Court. *Id.* at ¶ 26. Defendant then filed this Motion to Dismiss on September 27, 2017. ECF No. 6.

## DISCUSSION

Fed. R. of Civ. P. 12(b)(6) provides that a defendant may move to dismiss the complaint for "failure to state a claim upon which relief can be granted." Fed. R. of Civ. P. 12(b)(6). To survive dismissal, a plaintiff must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This requires the plaintiff to provide "more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 555. When deciding, the Court may consider the plaintiff's allegations and any "materials incorporated into the complaint by reference." *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). A plaintiff's "allegations of material fact are taken as true and construed in the light

most favorable to the plaintiff[,]" but "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996) (citation and brackets omitted).

In addition, a motion to dismiss based on the running of the statute of limitations may be granted only "if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995) (quoting *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980)). The Ninth Circuit has determined that a complaint cannot be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Id.* at 1207 (citation omitted).

Here, Defendant alleges Plaintiff's claim is time barred by the three-year statute of limitations under 45 U.S.C. § 56. ECF No. 6 at 1. Plaintiff asserts that the statute of limitations was tolled during the state court proceeding. ECF No. 1 at ¶ 7. This Court determines that Plaintiff could prove a set of facts to establish that equitable tolling applies. *See Supermail*, 68 F.3d at 1206.

Reading the allegations in the complaint with the required liberality, the Court cannot say that Plaintiff will be unable to establish that the matter was tolled during the state court proceedings. The equitable tolling doctrine "enables courts

to meet new situations [that] demand equitable intervention, and to accord all the relief necessary to correct… particular injustices." *Holland v. Florida*, 560 U.S. 631, 650 (2010) (quotations and citation omitted). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Credit Suisse Sec. (USA) LLC v. Simmonds*, 556 U.S. 221, 227 (2012) (quotation and citation omitted). The first element requires the litigant to show she undertook "the effort that a reasonable person might be expected to deliver under his or her particular circumstances." *Doe v. Busby*, 661 F.3d 1001, 1015 (9th Cir. 2011). This diligence does not require "an overzealous or extreme pursuit of any and every avenue of relief." *Id.* The second element requires the litigant to show that "extraordinary circumstances were the cause of his untimeliness … and … ma[de] it impossible to file [the document] on time." *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009) (quotations and citations omitted).

Equitable tolling is appropriate when "plaintiff has not slept on his rights but, rather, has been prevented from asserting them." *Burnett v. New York Cent. R. Co.*, 380 U.S. 424, 429 (1985). Courts have "recognized the unfairness of barring a plaintiff's action solely because a prior timely action is dismissed for improper venue after the applicable statute of limitations has run." *Id.* at 430. When a

plaintiff files a timely FELA action in state court, serves the defendant with process, and the case is then dismissed for improper venue, "the FELA limitation is tolled during the pendency of the state suit." *Id.* at 434–35.

Here, in light of the equitable tolling doctrine, the Court cannot say that Plaintiff was not acting diligently in the pursuit of her claim. Before the three year statute of limitations, Plaintiff filed in state court and upon the dismissal of the state court claim, she immediately filed in federal court. Defendant argues that Plaintiff was not prevented from filing her action in this court, but Plaintiff is not required to pursue every avenue of relief to be considered diligent. ECF No. 6 at 6; *see Doe*, 661 F.3d at 1015. Secondly, her untimeliness was due to the state court proceeding, which *Burnett* recognizes as a tolled time period. *See Burnett*, 380 U.S. at 434–35. It is possible that a set of facts could be proven to show that Plaintiff was not sleeping on her rights, but was actively pursuing her claim in state court.

Defendant asserts that Plaintiff was merely seeking a jurisdiction with preferable discovery rules and this forum shopping makes equitable tolling inappropriate. ECF No. 6 at 6. Defendant cites *Daimler AG v. Bauman* to show that Plaintiff knew the Oregon state court did not have jurisdiction, reflecting a strategic decision and not a circumstance outside her control. ECF No. 6 at 6–7; *Daimler AG v. Bauman*, 134 S.Ct. 746 (2014). Yet, it is not clear that *Daimler*

concluded the issue of personal jurisdiction over a foreign corporation.  *Id.*  The Court further clarified the precise issue of personal jurisdiction by state courts under FELA in *BNSF Ry. Co. v. Tyrrell*, where the Supreme Court held that "FELA does not authorize state courts to exercise personal jurisdiction over a railroad solely on the ground that the railroad does some business in their States." *BNSF Ry. Co. v. Tyrrell*, 137 S.Ct. 1549, 1558 (2017).  This case occurred two years after Plaintiff filed her case in state court.  Thus, Plaintiff may well be able to prove that equitable tolling is appropriate given that the law may not have been clear when she filed her case in 2015.

This Court finds that Plaintiff could prove a set of facts establishing that the action was timely and the Court therefore denies Defendant's Motion to Dismiss.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendant's Motion to Dismiss (ECF No. 6) is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

**DATED** September 27, 2017.



THOMAS O. RICE
Chief United States District Judge