UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LILLIAN FIGUEROA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>BNSF RAILWAY COMPANY, a foreign corporation,<br><br>Defendant. | NO. 4:17-CV-5096-TOR<br><br>ORDER GRANTING DEFENDANT'S AMENDED MOTION FOR PROTECTIVE ORDER, DENYING PLAINTIFF'S CROSS-MOTION FOR ORDER COMPELLING PRODUCTION, AND DENYING PLAINITFF'S MOTION FOR ORDER TO COMPEL ANSWERS |

BEFORE THE COURT are Defendant's Amended Motion for Protective Order (ECF No. 60), Plaintiff's Cross-Motion for Order Compelling Production Pursuant to Subpoena *Duces Tecum* (ECF No. 62), and Plaintiff's Motion for Order to Compel Answers to Plaintiff's Requests for Production Nos. 1 and 2 to Defendant BNSF Railway Company (ECF No. 64). These matters were heard without oral argument, the Court determined pursuant to LR 7.1(h)(3)(B)(iv) that oral argument is not warranted. *See* ECF Nos. 87; 89. The Court has reviewed the
ORDER AND DENYING PLAINTIFF'S MOTIONS TO COMPEL ~ 1

record and files herein, and is fully informed. For the reasons discussed below, Defendant's Amended Motion for Protective Order (ECF No. 60) is **GRANTED**, Plaintiff's Cross-Motion for Order Compelling Production Pursuant to Subpoena *Duces Tecum* (ECF No. 62) is **DENIED**, and Plaintiff's Motion for Order to Compel Answers to Plaintiff's Requests for Production Nos. 1 and 2 to Defendant BNSF Railway Company (ECF No. 64) is **DENIED**.

## BACKGROUND

This case concerns a claim under the Federal Employers' Liability Act, 45 U.S.C. § 51, by Plaintiff Lillian Figueroa against Defendant BNSF Railway Company, a foreign corporation incorporated in Delaware. ECF No. 1 at ¶¶ 1-2. On May 29, 2012, Plaintiff was injured while performing work at Defendant's Pasco Diesel Facility in Washington. *Id.* at ¶ 3. On May 22, 2015, Plaintiff filed suit in the Circuit Court of the State of Oregon. ECF Nos. 1 at ¶ 9; 8-2 at 2. The case was dismissed for lack of personal jurisdiction on July 11, 2017. ECF No. 1 at ¶¶ 14-24.

On July 12, 2017, Plaintiff filed a Complaint in this Court. *Id.* at ¶ 26. On August 7, 2017, Defendant filed a Motion to Dismiss under 12(b)(6), arguing that Plaintiff's claim is time barred by the applicable three-year statute of limitations (45 U.S.C. § 56) and that equitable tolling is not appropriate due to Plaintiff's alleged forum shopping. ECF No. 6 at 1-2. The Court denied Defendant's

Motion, finding that Plaintiff could prove a set of facts establishing that the action was timely. ECF No. 14 at 7. On April 13, 2018, Defendant filed a Motion for Summary Judgment, arguing that Plaintiff commenced this action after the expiration of the applicable statute of limitations. ECF No. 48. Defendant also filed a Motion for Protective Order on the same day. ECF No. 50.

On April 26, 2018, Defendant filed the instant Amended Motion for Protective Order, seeking to prohibit the discovery of Dr. W. Brandt Bede's tax records, employment/independent contractor agreements, and marriage/divorce filings. ECF No. 60. Plaintiff filed a Response to BNSF's Motion for Protective Order and Cross-Motion for Order Compelling Production Pursuant to Subpoena *Duces Tecum*. ECF No. 62. On April 27, 2018, Plaintiff filed a Motion to Compel Answers to Plaintiff's Requests for Production Nos. 1 and 2 to Defendant BNSF Railway Company. ECF No. 64.

## DISCUSSION

### I. Standard of Review

Pursuant to Federal Rule of Civil Procedure 37, a party may move the Court for an order compelling disclosure or discovery responses. Fed. R. Civ. P. 37(a)(1). The motion must include certification that the moving party "in good faith conferred or attempted to confer" with opposing counsel in an effort to obtain discovery before resorting to court action. Fed. R. Civ. P. 37(a)(1).

Under Federal Rule of Civil Procedure 26(b)(1), the scope of discovery is broad and includes "any nonprivileged matter that is relevant to any party's claim or defense…." Fed. R. Civ. P. 26(b)(1). Yet, under Federal Rule of Civil Procedure 26(c)(1), the court may, for good cause, issue an order limiting discovery to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The burden is upon the party seeking the order to "show good cause" by demonstrating harm or prejudice that would result from the discovery. *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1064 (9th Cir. 2004 (quoting *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002)).

## II. Protective Order and Cross-Motion to Compel

As an initial matter, the Court finds that Defendant made a good faith effort to confer with Plaintiff via email communication and telephone, but the parties were unable to reach an agreement. ECF No. 60 at 1; Fed. R. Civ. P. 26(c)(1); 37(a)(1).

Dr. Bede is an orthopedist retained by Defendant to provide expert testimony related to Plaintiff's alleged injuries and damages. ECF No. 60 at 2. On April 2, 2018, Plaintiff served Defendant with an FRCP 45(a)(4) Notice of Intent to Issue and Serve Subpoena Upon W. Brandt Bede, M.D. with an attached Subpoena. ECF Nos. 60 at 2; 61 at 4-9 (Ex. A). The Subpoena includes requests

for three different types of tax documents, request for any employment and/or independent contractor agreements between Dr. Bede and various entities, and a request for divorce petitions. ECF Nos. 60 at 2-4; 61 at 6-8 (Ex. 1). Plaintiff clarified that the request for divorce petitions includes a copy of any marriage certificates. ECF Nos. 60 at 4; 61 at ¶ 4. Defendant notified Plaintiff that it objects to these Subpoena requests. ECF No. 60 at 4.

### A. Tax Records

Defendant argues that the request for Dr. Bede's tax records is irrelevant and overly broad. ECF No. 60 at 5; Fed. R. Evid. 401. Defendant cites *Olson v. State Farm Fire & Cas. Co.*, where the Western District of Washington found the plaintiff's request for the financial records of defendant's expert irrelevant and overbroad. ECF No. 60 at 5-6; No. C14-0786RSM, 2015 WL 753501, at *2 (W.D. Wash. Feb. 23, 2015). The court in *Olson* determined that the plaintiff could obtain information about the expert's income and the percentage attributed to expert witness work through her testimony at deposition without the need for broad financial records and complete tax returns. *Olson*, 2015 WL 753501, at *3.

Defendant argues that the issue in *Olson* is the same as the pending issue before this Court and Plaintiff can ask Dr. Bede about the total percentage of his gross income that is earned while performing expert witness services. ECF No. 60 at 6. Defendant also notes that while an expert's litigation income can be relevant

to bias, its value is slight and is typically outweighed by the potential harms of confusing and distracting the jury. ECF No. 60 at 6; *see Tate v. United States*, No. 3:14-CV-0242 JWS, 2016 WL 7108427, at *1 (D. Alaska Dec. 5, 2016); *see also Behler v. Hanlon*, 199 F.R.D. 553, 562 (D. Md. 2001).

Plaintiff responds that income derived from forensic work is routinely discoverable and relevant for purposes of impeachment. ECF No. 62 at 3. Plaintiff asserts that *Olsen* is not applicable because Plaintiff here does not seek all financial records and tax returns, but "only objective, verifiable evidence that would enable her to independently determine the percentage of Dr. Bede's income derived from forensic work." *Id.* at 4-5. Plaintiff alleges that Dr. Bede will not cooperate at deposition and will actively resist any release of his earnings, remaining "so vague at deposition as to render it meaningless." *Id.* at 5. Plaintiff cites to other depositions of Dr. Bede in unrelated cases. *See id.* at 6-7. Defendant contends that how Dr. Bede testified in a deposition 33 years ago and details about his forensic work read into the record from 28 years ago have no bearing regarding how Dr. Bede will testify at deposition in this matter. ECF No. 85 at 3. Plaintiff replies that Dr. Bede also resisted inquiry into his medical practice's income in 2012. ECF No. 87 at 2-3.

The Court finds that Plaintiff may not compel discovery of Dr. Bede's tax records, specifically copies of his W-2's, 1099's, and Schedule K-1's. *See id.* at 2.

ORDER GRANTING DEFENDANT'S AMENDED MOTION FOR PROTECTIVE ORDER AND DENYING PLAINTIFF'S MOTIONS TO COMPEL ~ 6

The Court determines that this evidence is irrelevant and overbroad when Plaintiff may depose Dr. Bede regarding how much he earns as an expert witness. The parties agree that information tending to show bias of a witness is relevant and that Plaintiff may inquire about Dr. Bede's income at his deposition. *See* ECF No. 85 at 2. When Plaintiff is able to discover this information through a deposition, the Court finds no reason to also compel production of Dr. Bede's tax records.

The Court is not persuaded that Dr. Bede will be so vague as to render his deposition meaningless. *See* ECF No. 62 at 5. Dr. Bede's prior depositions in other cases are not relevant to his deposition here. The Court is not convinced by Plaintiff's allegation that Dr. Bede has a "deep-seated hostility to inquiry into his medical practice's income." ECF No. 87 at 2. The Court finds it premature to conclude that he will not cooperate in this deposition.[1] Accordingly, the Court

---

[1] The Court notes that it is also not persuaded by Plaintiff's analysis of an invoice that may show forensic income being billed through Dr. Bede's clinical practice. ECF Nos. 87 at 3; 88-1 at 2 (Ex. 1). Plaintiff insists that this invoice may tend to falsely under-report forensic income, potentially insulating Dr. Bede from sharp cross-exam. ECF No. 87 at 3. The Court declines to accept these allegations before Dr. Bede is even given the opportunity to answer questions regarding his income.

grants Defendant's Amended Motion for Protective Order in regards to Dr. Bede's tax records. ECF No. 65.

**B. Employment and/or Independent Contractor Agreements**

Defendant asserts that Plaintiff's request for employment and/or independent contractor agreements is also irrelevant and overly broad. ECF No. 60 at 6-7; Fed. R. Evid. 401. Defendant argues that there is nothing about the terms and conditions of Dr. Bede's agreement(s) with third-party entities to perform medical services or forensic exams that make Plaintiff's claims or Defendant's defenses more or less probable. ECF No. 60 at 6-7. Defendant insists that to the extent Plaintiff seeks to use any information to support a bias argument, she will be able to obtain similar information from Dr. Bede's deposition testimony. *Id.* at 7. Defendant also states that it has already disclosed the compensation it will pay Dr. Bede in this case under Federal Rule of Evidence 26(a)(2)(B), and has further agreed to provide Plaintiff with additional documentation reflecting compensation paid or claimed by Dr. Bede for his study and testimony in this matter. *Id.* Defendant concludes that Plaintiff will then have more than enough information to present to a jury on the issue of bias without delving into employment and/or independent contractor agreements. *Id.*

Additionally, Defendant contends that Plaintiff has indicated there may be a clause in these agreements that speaks to Dr. Bede's ability to terminate his

services if his financial documents are ordered to be produced. *Id.* Defendant insists that it is unclear how any such provision is relevant, but states that such a provision does not exist in Dr. Bede's agreement with Advanced Medical Group, Inc., the entity for which he was retained in this matter. *Id.*

Plaintiff does not address this issue in her response. *See* ECF Nos. 62; 87. As Plaintiff does not dispute the discoverability of the employment agreements and only makes arguments regarding Dr. Bede's tax records, the Court finds that the employment agreements are not discoverable. The Court agrees with Defendant that the request is irrelevant and overly broad because Plaintiff may obtain any information regarding bias at Dr. Bede's deposition.

**C. Marital Filings**

Defendant argues that Plaintiff's request for petitions for dissolution of marriage and marriage certificates is irrelevant and overly broad. ECF No. 60 at 8; Fed. R. Evid. 401. Defendant asserts that Plaintiff argues the information is relevant because Dr. Bede allegedly testified in an unrelated matter that he performs IMEs at his wife's request. ECF No. 60 at 8. Defendant states that Plaintiff seems to reason that if Dr. Bede is not actually married, he is lying about his marital status and thus not a credible witness. *Id.* Dr. Bede's assistant stated that he is currently married, and Defendant shared this information with Plaintiff who still seeks marriage certificates. *Id.* at 4 n.1.

Defendant insists that Plaintiff can obtain information about Dr. Bede's marital status through his deposition testimony and there is no need for discovery regarding this matter. *Id.* at 8. Defendant notes that there is no reason for Plaintiff to review divorce petitions or marriage certificates prior to deposition because such a line of questioning would only take all of 15 seconds. *Id.*

Plaintiff does not address this issue in her response. The Court then finds that marital filings are not discoverable as Plaintiff does not object and she may obtain this information at Dr. Bede's deposition.

### III. Motion to Compel Answers to Plaintiff's Requests for Production

Plaintiff moves the Court to compel Defendant to produce the documents and records sought in Plaintiff's Requests for Production Nos. 1 and 2 to Plaintiff's First Set of Requests for Production to Defendant. ECF No. 64 at 1.

**A. Obligation to Confer**

Plaintiff certifies that the parties made a good faith effort through an in-person conference to resolve this dispute. ECF No. 64 at 1; Fed. R. Civ. P. 37(a)(1). Defendant alleges that Plaintiff filed this Motion without conferring with Defendant and the Motion to Compel should be denied. ECF No. 83 at 1-2.

On April 26, 2018, Defendant served Plaintiff with responses to Plaintiff's First Set of Requests for Production. ECF Nos. 83 at 2; 65-1 (Ex. 1). On April 26, 2018, the parties conducted the discovery deposition of Ryan Risdon in Denver,

Colorado. ECF No. 89 at 1. During this deposition, Plaintiff asserts that the parties conferred regarding Plaintiff's requests for production. ECF No. 89 at 3. Defendant insists that the parties discussed Defendant's return to work policies, but they did not discuss Defendant's responses to Plaintiff's discovery requests. ECF No. 83 at 2. Defendant argues that Plaintiff's counsel did not specifically discuss Defendant's objections to Request Nos. 1 and 2 or notify Defendant that Plaintiff would be filing a Motion to Compel. *Id.* Plaintiff then filed the instant motion on April 27, 2018. ECF No. 64. Defendant contends that Plaintiff has not complied with its obligation to confer and the motion should not be heard. ECF No. 83 at 2. Plaintiff replies that counsel for both parties "compared views face-to-face during a hiatus in Risdon's deposition and couldn't come to an agreement or resolution," constituting a conferral. ECF No. 89 at 3.

Additionally, Defendant emphasizes that the parties' intention was to end discovery except as related to Plaintiff's medical condition, and thus the instant motion is to obtain documents at the eleventh hour. ECF No. 83 at 5 n.1. Plaintiff concedes that the parties agreed no additional discovery would be done save for Plaintiff's medical condition, but argues that this motion is not additional discovery made beyond the original cut-off date. ECF No. 89 at 7. Plaintiff notes that she filed the motion on April 27, 2018, within the discovery limits so as to meet the original discovery cut-off. *Id.*

It is not clear that Plaintiff made a good faith attempt to resolve the dispute as Defendant contends that it was not aware of Plaintiff's specific objections. Regardless, the Court still considers the motion below and finds that the requests are irrelevant and overbroad.

**B. Requests Nos. 1 and 2**

In request No. 1, Plaintiff seeks "[a]ll findings and reports made by any BNSF committee, group, or investigation into Terry Gay's management practices as a supervisor of BNSF's mechanical department, made following the murder of Emery Connors by James Forshee on April 17, 2014 at BNSF's Klamath Falls, Oregon mechanical facility." ECF No. 65-1 at 5 (Ex. 1). In request No. 2, Plaintiff also seeks "[a]ll complaints received by BNSF through any means regarding the management practices of Terry Gay while acting as a supervisor of the BNSF mechanical department during the period of 2003-2014." *Id.* Defendant objected to both requests as overly broad and irrelevant to any claim pled or defense alleged. *Id.* Defendant insisted that the request is not proportional to any need of the instant case and the request calls for information protected by attorney-client privilege and/or work product. *Id.*

Plaintiff alleges that while Mr. Gay was her direct supervisor during 2002-2005, he expressed hostile personal attitudes towards women employed in the railroad workplace directly to Plaintiff. ECF No. 64 at 2. In 2012, Plaintiff states

that Mr. Gay was in a supervisor position that put him in a place of authority over much of Defendant's mechanical department, including Plaintiff's workplace. *Id.* Plaintiff asserts that in 2014 a BNSF mechanical department employee murdered his mechanical foreman and Defendant then opened an investigation into Mr. Gay's management practices. *Id.* Plaintiff was one of the employees interviewed by BNSF Human Resources department. *Id.* Shortly after the investigation, Plaintiff states that Mr. Gay was either fired, or offered a demotion, which he refused and then resigned. *Id.*

Plaintiff argues that this information is relevant because, in 2012, Plaintiff feared that she was perceived by management as being incapable of performing any task at the facility. *Id.* at 3. Plaintiff insists that she was vulnerable to discipline and dismissal given Mr. Gay's already expressed hostility, emphasizing that she was the only female employee at the facility. *Id.* Plaintiff testified that she performed the task because to refuse, or even to avoid the task, was to risk retaliation. *Id.* at 4. Plaintiff notes that Defendant disputes Plaintiff's fears and argues that she could have, and should have, refused the task. *Id.* at 3. Plaintiff contends the information is relevant because the investigation would likely tend to support her claims that Mr. Gay engaged in hostile acts and attitudes towards employees. *Id.*

Additionally, Plaintiff alleges that the information is proportional to the issue because Defendant claimed contributory negligence and is directly attempting to reduce or eliminate altogether Plaintiff's ability to recover compensation for her injuries. *Id.* at 4. Plaintiff argues that Defendant's effort to produce the document is minimal in comparison to the importance of the issue, which Defendant created. *Id.*

Defendant asserts that the requests are overly broad and irrelevant.[2] ECF No. 83 at 4. Defendant argues that Plaintiff has not alleged any claim relating to hostile work environment, discrimination, harassment or the like. *Id.* Defendant states that, as it understands, Plaintiff's argument is that Mr. Gay made a comment to Plaintiff related to gender over a decade before the incident, and for that reason, Plaintiff felt obligated to perform her work a certain way on the date of the alleged

---

[2] Plaintiff alleges that Defendant did not include a declaration or affidavit supporting its factual assertions, violating Local Rules 7.1(a)(2) and 7.1(g). ECF No. 89 at 3 n.1. Plaintiff notes that those factual assertions were made by Stephanie Holmberg who was never present at any of the events in Colorado, rather than Aukjen Ingraham. *Id.* The Court finds that Plaintiff is mistaken and Defendant included the Declaration of Ms. Ingraham in its Opposition to Plaintiff's Motion to Compel. ECF No. 84.

injury. *Id.* Defendant emphasizes that "[t]he requests are not tailored to seeking information relating to plaintiff's representations about Mr. Gay's comment …; rather, they called for information about Mr. Gay's general 'management practices.'" *Id.*

Plaintiff replies that she "has a need to understand the entire picture behind what drove the Human Resources department to take such drastic action against Mr. Gay. Only then can plaintiff 'tailor' [her] presentation of evidence from the report to the specifics of plaintiff's fears." ECF No. 89 at 4. Plaintiff insists that the Court agreed that Defendant's assertion of contributory negligence made the inquiry into Mr. Gay's conduct relevant. *Id.* at 5.

On April 26, 2018, a telephonic discovery conference was held regarding a dispute at the deposition of Mr. Risdon. ECF No. 59. The Court ruled that Mr. Risdon shall answer as to his personal knowledge regarding his interviews and information that he provided to Human Resources concerning Mr. Gay's alleged gender discrimination in the workplace. *Id.* The Court also found that Mr. Risdon shall not answer questions regarding the murder, which Plaintiff fails to acknowledge. The Court previously found and again finds that the information regarding the murder is irrelevant to this suit. As request No. 1 concerns the murder, the Court determines that it is irrelevant. *See* ECF No. 65-1 at 5 (Ex. 1).

Request No. 2 seeks over ten years of complaints regarding the management practices of Mr. Gay. *See id.* While Mr. Gay's alleged gender discrimination in the workplace is relevant, these requests are overly broad and irrelevant insofar as they seek information regarding the murder. Plaintiff may seek to question Mr. Gay and others, such as Mr. Risdon, regarding Mr. Gay's alleged discrimination, but over ten years of complaints and an irrelevant murder are not discoverable simply to aid Plaintiff in understanding "the entire picture." ECF No. 89 at 4. Aiding Plaintiff in gaining a better picture of the situation is insufficient nor proportional to the amount of discovery requested. As the requests are irrelevant, the Court need not consider the parties' arguments regarding attorney-client privilege and the work product doctrine. Accordingly, the Court denies Plaintiff's Motion to Compel.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant's Amended Motion for Protective Order (ECF No. 60) is **GRANTED**.
2. Plaintiff's Cross-Motion for Order Compelling Production Pursuant to Subpoena *Duces Tecum* (ECF No. 62) is **DENIED**.
3. Plaintiff's Motion for Order to Compel Answers to Plaintiff's Requests for Production Nos. 1 and 2 to Defendant BNSF Railway Company (ECF No. 64) is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

**DATED** May 29, 2018.



THOMAS O. RICE
Chief United States District Judge

ORDER GRANTING DEFENDANT'S AMENDED MOTION FOR PROTECTIVE ORDER AND DENYING PLAINTIFF'S MOTIONS TO COMPEL ~ 17