# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LILLIAN FIGUEROA, an individual,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BNSF RAILWAY COMPANY, a<br>foreign corporation,<br><br>　　　　　Defendant. | NO. 4:17-CV-5096-TOR<br><br>ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND GRANTING PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are Defendant's Motion for Summary Judgment (ECF No. 48) and Plaintiff's Cross-Motion for Summary Judgment on Defendant's Defense of Statute of Limitations (ECF No. 66). These matters were submitted for consideration without oral argument. The Court has reviewed the record and files herein, and is fully informed. For the reasons discussed below, Defendant's Motion for Summary Judgment (ECF No. 48) is **DENIED** and Plaintiff's Cross-Motion for Summary Judgment on Defendant's Defense of Statute of Limitations (ECF No. 66) is **GRANTED**.

ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND GRANTING PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT ~ 1

## BACKGROUND

This case concerns a claim under the Federal Employers' Liability Act (FELA), 45 U.S.C. § 51, by Plaintiff Lillian Figueroa against Defendant BNSF Railway Company, a foreign corporation incorporated in Delaware. ECF No. 44 at ¶¶ 1-2. In the instant motion, Defendant seeks summary judgment on Plaintiff's claim, arguing that Plaintiff commenced this action after the expiration of the applicable statute of limitations. ECF No. 48 at 5. Plaintiff filed a Cross-Motion for Summary Judgment, asserting that the circumstances of this case make equitable tolling appropriate. ECF No. 66 at 26.

## FACTS

On May 29, 2012, Plaintiff was injured while performing work at Defendant's Pasco Diesel Facility in Washington. ECF No. 44 at ¶ 3. On May 22, 2015, Plaintiff filed suit in the Circuit Court of the State of Oregon for Multnomah County. ECF Nos. 44 at ¶ 9; 66 at 14; 86 at 8. Defendant filed a motion to dismiss for lack of personal jurisdiction, which was denied. ECF Nos. 44 at ¶¶ 10, 14; 48 at 6-7; 66 at 14-15; 86 at 9. On February 26, 2016, Defendant filed a Writ of Mandamus with the Oregon Supreme Court. ECF No. 44 at ¶ 16. The Oregon Supreme Court allowed the petition and heard oral argument on November 10, 2016. *Id.* at ¶ 17. On March 23, 2017, the Oregon Supreme Court issued a Peremptory Writ of Mandamus and Appellate Judgment, instructing the Circuit

Court judge to vacate his prior order denying the motion to dismiss and conduct further proceedings consistent with the decision of the Oregon Supreme Court. ECF Nos. 44 at ¶ 19; 48 at 8; 66 at 15; 86 at 9. On July 7, 2017, the Circuit Court judge signed an Order and a Judgment involuntarily dismissing the matter for lack of personal jurisdiction, which was entered on July 11, 2017. ECF No. 44 at ¶¶ 23-24; 66 at 15; 86 at 9.

On July 12, 2017, Plaintiff filed a Complaint in this Court. ECF No. 1. On August 7, 2017, Defendant filed a Motion to Dismiss, arguing that Plaintiff's claim was time barred by the applicable three-year statute of limitations (45 U.S.C. § 56) and that equitable tolling was not appropriate due to Plaintiff's alleged forum shopping. ECF No. 6 at 1-2. The Court denied Defendant's Motion, finding that Plaintiff could prove a set of facts establishing that the action was timely. ECF No. 14 at 7.

On December 12, 2017, Defendant filed a Motion to Bifurcate the equitable tolling issue for trial, which the Court granted. ECF Nos. 25, 34. On March 19, 2018, a status conference was held at the request of the parties. ECF No. 43. The Court granted Plaintiff's Motion to Amend the Complaint and ordered Defendant to file the instant motion for summary judgment regarding the equitable tolling issue. ECF No. 43. On March 20, 2018, Plaintiff filed an Amended Complaint. ECF No. 44.

# DISCUSSION

## A. Standard of Review

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). For purposes of summary judgment, a fact is "material" if it might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A material fact is "genuine" where the evidence is such that a reasonable jury could find in favor of the non-moving party. *Id.* The moving party bears the initial burden of showing the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to identify specific facts showing there is a genuine issue of material fact. *Anderson*, 477 U.S. at 256.

In ruling on a motion for summary judgment, the court views the facts, as well as all rational inferences therefrom, in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). The court must only consider admissible evidence. *Orr v. Bank of America, NT & SA*, 285 F.3d 764 (9th Cir. 2002). There must be evidence on which a jury could reasonably find for the plaintiff and a "mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

//

## B. Equitable Tolling of the Statute of Limitations

The equitable tolling doctrine "enables courts to meet new situations [that] demand equitable intervention, and to accord all the relief necessary to correct … particular injustices." *Holland v. Florida*, 560 U.S. 631, 650 (2010) (internal quotations marks and citation omitted). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Credit Suisse Sec. (USA) LLC v. Simmonds*, 566 U.S. 221, 227 (2012) (internal quotation marks and citation omitted); *see also Menominee Indian Tribe of Wisconsin v. United States*, 136 S.Ct. 750, 755 (2016).

The first element requires the litigant to show she undertook "the effort that a reasonable person might be expected to deliver under his or her particular circumstances." *Doe v. Busby*, 661 F.3d 1001, 1015 (9th Cir. 2011). This diligence does not require "an overzealous or extreme pursuit of any and every avenue of relief." *Id.* The second element requires the litigant to show that "extraordinary circumstances were the cause of his untimeliness … and … ma[de] it impossible to file [the document] on time." *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009) (internal quotations marks and citations omitted).

Equitable tolling is appropriate when a "plaintiff has not slept on his rights but, rather, has been prevented from asserting them." *Burnett v. New York Cent. R.*

*Co.*, 380 U.S. 424, 429 (1985).  Courts have "recognized the unfairness of barring a plaintiff's action solely because a prior timely action is dismissed for improper venue after the applicable statute of limitations has run."  *Id.* at 430.  When a plaintiff files a timely FELA action in state court, serves the defendant with process, and the case is then dismissed for improper venue, "the FELA limitation is tolled during the pendency of the state suit."  *Id.* at 434-35.

### C. Relevant Case Law

The parties dispute whether the law was clear at the time Plaintiff filed suit in state court in 2015.  The Court thus considers the relevant case law in 2015.

In *Daimler*, Argentinian residents filed suit under the Alien Torts Statute (ATS) in the Northern District of California against Daimler, a German public stock company, for conduct allegedly committed by an Argentinian subsidiary of Daimler in Argentina.  *Daimler AG v. Bauman*, 571 U.S. 117, 120 (2014).  The Supreme Court noted that the question is whether the corporation's "affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State."  *Id.* at 139 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)).  The Supreme Court held that there was no general jurisdiction because Daimler was not "at home" in California, and could not be sued for injuries plaintiffs attribute to the subsidiaries' conduct in Argentina.  *Id.* at 136.

In 2017, the Supreme Court specifically addressed the issue of general jurisdiction in regards to a corporation under FELA. *BNSF Ry. Co. v. Tyrrell*, 137 S.Ct. 1549 (2017). A North Dakota resident and South Dakota resident brought a FELA suit against BNSF in a Montana state court for injuries they sustained. *Id.* at 1554. Neither plaintiff was injured in Montana and BNSF was not incorporated nor had its principal place of business in Montana. *Id.* at 1559. The Montana Supreme Court held that it could exercise general jurisdiction over BNSF, finding that *Daimler* did not control because it did not involve a FELA claim or a railroad defendant. *Id.* at 1558. The Supreme Court reversed and, applying *Daimler*, found that the business BNSF did in Montana was not sufficient "to render [it] essentially at home" in Montana. *Id.* at 1559 (quoting *Daimler*, 571 U.S. at 136). The Supreme Court held that "FELA does not authorize state courts to exercise personal jurisdiction over a railroad solely on the ground that the railroad does some business in their States." *Id.* at 1558.

Here, this Court previously found in denying Defendant's Motion to Dismiss that it was not clear that *Daimler* concluded the issue of personal jurisdiction over a foreign corporation. ECF No. 14 at 6-7. This Court determined that the Supreme Court clarified the precise issue of personal jurisdiction by state courts under FELA in *Tyrrell*, which occurred two years after the Plaintiff filed her case in state court here. *Id.* at 7. The Court determined that Plaintiff may well be able to prove

ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND GRANTING PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT ~ 7

that equitable tolling is appropriate given that the law may not have been clear when she filed her case in 2015. *Id.* The Court considers below whether the law was clear in 2015 so as to prevent equitable tolling.

### D. Clarity of the Law in 2015

Defendant argues that Plaintiff cannot prove that equitable tolling is appropriate because the law was clear when she filed her case in 2015. ECF Nos. 48 at 12; 86 at 14-16. Defendant insists that the Supreme Court's decision in *Daimler* clearly precluded the Oregon Court's personal jurisdiction over BNSF for a case arising out of incidents that occurred in Washington. ECF No. 48 at 13. Defendant then asserts that Plaintiff chose to ignore *Daimler*'s clear rule and pursue her claims in Oregon for a Washington-based incident, which was unreasonable. *Id.* at 14-15. Defendant contends that Plaintiff chose the Oregon Court intentionally to gain a strategic advantage, and this is not a basis to support the application of equitable tolling. *Id.* at 16.

The Court disagrees and finds that the law was not clear when Plaintiff filed her case in Oregon. *Daimler* did not establish "an easy to follow rule" when the Supreme Court had to clarify general jurisdiction under FELA three years later. *See id.* at 13. While *Daimler* established the rule ultimately applied by the Supreme Court in *Tyrrell*, it did not conclude the issue of personal jurisdiction over a foreign corporation. *Daimler* addressed jurisdiction under the ATS, not FELA.

Though the Supreme Court ultimately found this distinction not persuasive, it was still unclear in 2015 whether *Daimler* applied to FELA cases and railroad defendants. *See Tyrrell*, 137 S.Ct. at 1558-59.

The Court finds that Plaintiff did not act unreasonably in filing suit in Oregon when the law was unclear whether *Daimler* applied to her suit in 2015. The Court is not persuaded by Defendant's contention that Plaintiff represented "it was appropriate to eschew *Daimler* and file in the wrong court for the purpose of gaining a strategic, financial advantage." ECF No. 48 at 15. At oral argument regarding the Motion to Dismiss, Plaintiff's counsel rebutted Defendant's alleged forum shopping label by explaining that it was cheaper to litigate in Oregon, which is meant to protect his client and does not constitute forum shopping. *See id.* at 14-15.[1] Defendant alleges that lawyers have a strong incentive to file claims in

---

[1] Defendant claims that Plaintiff was forum shopping, inferring a negative connotation, by filing in Oregon. This is an inference the Court does not accept. As to the term "forum shopping", the Ninth Circuit observed, "[a] competent attorney, as part of his ethical obligation to represent his client with reasonable diligence, *see* Model Rule of Professional Conduct 1.3, is obligated to consider various fora and to choose the best forum in which to file a client's complaint." *Vivendi SA v. T-Mobile USA Inc.*, 586 F.3d 689, 695 n.10 (9th Cir. 2009).

1  Multnomah County as the potential outcomes may be superior for plaintiffs. *Id.*

2  Yet, these allegations, even if taken as true, do not mean that Plaintiff's decision to

3  file her suit in Oregon when the law was unclear constitutes improper forum

4  shopping. A decision to litigate in a cheaper forum for one's client is not

5  unreasonable nor does it show that Plaintiff was attempting to eschew *Daimler* or

6  purposefully file in the wrong court. Since the law was not clear at the time, it is

7  unreasonable to allege that Plaintiff purposefully filed in the wrong court.

8  **E. Applicability of Equitable Tolling**

9  The Court finds that there is no genuine question of material fact regarding

10  the appropriateness of equitable tolling. First, Plaintiff establishes that she was

11  pursuing her rights diligently. *See Credit Suisse Sec.*, 556 U.S. at 227. Before the

12  three year statute of limitations, Plaintiff filed in state court and upon the dismissal

13  of the state court claim, she immediately filed in federal court the next day.

14  Second, her untimeliness in filing in this Court was due to the pending state court

15  proceeding, which *Burnett* recognizes as a tolled time period. *See Burnett*, 380

16  U.S. at 434-44. Plaintiff was then not sleeping on her rights, but actively pursuing

17  her claim in state court. The Ninth Circuit has determined that a FELA action is

18

19

20

ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING PLAINTIFF'S CROSS-MOTION FOR SUMMARY
JUDGMENT ~ 10

tolled during the pendency of the state suit.[2]  *See id.*  The lack of clarity regarding the applicability of *Daimler* for a FELA action in 2015 makes Plaintiff's conduct reasonable, as discussed above.

Under the second element of equitable tolling, Defendant emphasizes that the Supreme Court has left open the question of whether a reasonable mistake of law could be extraordinary.[3]  ECF No. 86 at 11-12; *Menominee Indian Tribe*, 136 S.Ct. at 756 n.3.  In *Menominee*, the Tribe mistakenly relied on a class action to justify equitable tolling, but the Tribe failed to present its claims to Indian Health Services which made it ineligible to participate in the class action.  *Id.* at 755.  The

---

[2]     This Court does not find *Burnett* distinguishable where it dismissed for improper venue and the Oregon court here eventually dismissed for lack of jurisdiction.  *Burnett*, 380 U.S. at 434-35.

[3]     Defendant also asserts that Plaintiff does not discuss the element of extraordinary circumstances in her brief, and thus she forfeits the issue.  *See* ECF No. 86 at 13 n.3.  While the Court acknowledges that Plaintiff argues an outmoded standard for equitable tolling, the Court declines to find that Plaintiff essentially forfeits her equitable tolling claim as she extensively addresses reasonability in her brief, which is a factor to consider in the second element of extraordinary circumstance.  *See* ECF No. 66 at 18-22, 26-30.

ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND GRANTING PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT ~ 11

Supreme Court found that this mistake was a "simple miscalculation" and a "garden variety claim of excusable neglect." *Id.* at 757 (citation omitted). The Supreme Court also noted in dicta that this situation was "quite different from relying on *actually binding* precedent that is subsequently reversed." *Id.* (emphasis in original).

Yet, this Court finds that the law was unclear at the time of the suit, not that Plaintiff mistook the law. The Court here also need not decide whether a mistake of law is an extraordinary circumstance, but merely determines that the lack of clarity in the law creates an extraordinary circumstance. The situation here is then unlike *Menominee* because the Plaintiff did not make a simple miscalculation and misunderstand the law, but rather there was no clear law regarding jurisdiction for a FELA action until the Supreme Court's decision in *Tyrrell*. The Tribe in *Menominee* did not suffer from lack of clarity in the law, but misunderstood the requirement of presentment in a class action. The Tribe made a mistake of law, but the Plaintiff here did not have a clear law on jurisdiction. While Plaintiff did end up misfiling in the wrong jurisdiction, she could not have known this until the *Tyrrell* decision. This Court is then not persuaded that lack of clarity in the law is

akin to a mistake of law to preclude equitable tolling.[4]

Accordingly, the Court finds that Plaintiff establishes there is no genuine issue of material fact regarding the applicability of the equitable tolling doctrine, as Plaintiff diligently pursued her rights and the lack of clarity in the law in 2015 was an extraordinary circumstance outside of her control. The Court then tolls Plaintiff's claim while it was pending in state court and finds that she timely filed her suit here.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant's Motion for Summary Judgment (ECF No. 48) is **DENIED**.

2. Plaintiff's Cross-Motion for Summary Judgment on Defendant's Defense of Statute of Limitations (ECF No. 66) is **GRANTED**.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

**DATED** June 5, 2018.



THOMAS O. RICE
Chief United States District Judge

---

[4] As the Court finds that the facts of *Menominee* are not applicable to this case, the Court does not consider Plaintiff's argument regarding whether *Menominee* displaced other tests for equitable tolling. *See* ECF No. 93.

ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND GRANTING PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT ~ 13